UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD E. TUECKE, ) <br> PAMELA J. TUECKE, ) <br> GLENN L. ARENSDORF, ) <br> DEBBIE J. ARENSDORF, ) <br> SINSINAWA DOMINCANS INC., ) <br> LOLA ANN BEEBE, ) <br> CENTRAL BUYER CORPORATION, and ) <br> COUNTY OF JO DAVIESS, ILLINOIS, ) <br> ) <br> Defendants. ) | Case No. 08 C 50266 <br><br> Judge Philip Reinhard <br> (Magistrate Judge P. Michael Mahoney) |

## JOINT MOTION FOR ENTRY OF STIPULATED JUDGMENT

United States of America and Glenn L. Arensdorf and Debbie J. Arensdorf submit the attached proposed stipulated judgment, and move this court to enter such judgment in the above-captioned case.

The United States and Glenn L. Arensdorf and Debbie J. Arensdorf agree as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1345.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because the property which the United States seeks to remove is located upon Federal Land which is located in this District.

3. The United States is the owner of a parcel of real property known as parcel number 158 of the Upper Mississippi River Nine Foot Channel Project, more particularly described as:

> Part of Tract No. FI-76, located in the County of Jo Daviess, State of Illinois, being part of SW 1/4 section 29, township 29 north, range 2 west of the 4th principal meridian, designated as Item No. 158 and shown in red on map, file No. 12-S-159.1, containing 0.7 acre, more or less,

hereinafter referred to as "Federal Land", which is administered by the Army Corps of Engineers, Rock Island District.

4. The Secretary of the Army, as Lessor, entered into a Cottage Lease (hereinafter "Lease") with defendants Donald E. Tuecke, Lessee and Pamela J. Tuecke, Lessee (hereinafter "the Tueckes") on February 13, 1998, for the use of the Federal Land, under which the United States retained ownership of the Federal Land and the Tueckes owned structures and fixtures located upon the Federal Land. The Tueckes acquired and maintained a cottage and garage on the Federal Land (hereinafter "the Structure").

5. The Lease contains provisions that require the Tueckes to remove the Tueckes' property and restore the Federal Land site to a satisfactory condition upon termination of the Lease, and that obligate the Tueckes to pay the United States on demand any sum which may be expended by the United States after the expiration, revocation, or termination of the lease in restoring the Federal Land.

6. The Lease was terminated by the United States on July 17, 2003, pursuant to the terms of the Lease, for the failure by the Tueckes to pay rent.

7. The Tueckes did not remove the Structure from the Federal Land as required by the terms of the Lease, which includes the restoration and rehabilitation of the site to its natural state.

8. The Tueckes sold the Structure to Glenn L. Arensdorf and Debbie J. Arensdorf

(hereinafter "the Arensdorfs"); however, there is no lease agreement between the Secretary of the Army and the Arensdorfs, and the Arensdorfs have since abandoned the Structure.

9. On May 2, 2006, Donald E. Tuecke and Pamela J. Tuecke filed a Chapter 7 Petition in Bankruptcy, No. 06-00399-D, United States Bankruptcy Court, Northern District of Iowa, and Sheryl Schnittjer was appointed Interim Trustee ("Trustee"). There were no assets to administer for the benefit of creditors of the estate and on August 30, 2006, Donald E. Tuecke and Pamela J. Tuecke were both granted a discharge under 11 U.S.C. § 727. Sheryl Schnittjer, Trustee, has abandoned any and all interest in or against the Federal Land, the Structure, or any equipment, motor vehicles, and personal property left on the Federal Land. Sheryl Schnittjer, Trustee has also stipulated to entry of judgment in this matter.

10. To date, the Structure has not been removed from the Federal Land.

11. Any structure, equipment, motor vehicles, and personal property left on the Federal Land by any defendant without authorization constitutes a trespass on the property of the United States.

12. Glenn L. Arensdorf and Debbie J. Arensdorf stipulate and agree that they are not entitled to nor do they claim any residential occupancy of the Federal Land, or any interest in any structure, equipment, motor vehicles and personal property found on the Federal Land. Glenn L. Arensdorf and Debbie J. Arensdorf agree to entry of judgment for the United States under the terms and conditions of the proposed Judgment attached hereto as Exhibit A.

UNITED STATES OF AMERICA by
PATRICK J. FITZGERALD
United States Attorney

By: ___s/ Monica V. Mallory___
MONICA V. MALLORY
Assistant United States Attorney
308 West State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444
monica.mallory@usdoj.gov

_Glenn L. Arensdorf_
GLENN L. ARENSDORF
P.O. Box 84B
Lamont, Iowa 52054

_Debbie J. Arensdorf_
DEBBIE J. ARENSDORF
P.O. Box 84B
Lamont, Iowa 52054

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

JOINT MOTION FOR ENTRY OF STIPULATED JUDGMENT

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on 3/10/09, to the following non-ECF filers:

GLENN L. ARENSDORF
P.O. Box 84B
Lamont, Iowa 52054

DEBBIE J. ARENSDORF
P.O. Box 84B
Lamont, Iowa 52054

                                              s/ Monica V. Mallory
                                              MONICA V. MALLORY
                                              Assistant United States Attorney
                                              308 West State Street - Suite 300
                                              Rockford, Illinois 61101
                                              (815) 987-4444
                                              monica.mallory@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08 C 50266 |
| DONALD E. TUECKE, | ) | |
| PAMELA J. TUECKE, | ) | |
| GLENN L. ARENSDORF, | ) | Judge Philip G. Reinhard |
| DEBBIE J. ARENSDORF, | ) | (Magistrate Judge P. Michael Mahoney) |
| SINSINAWA DOMINCANS INC., | ) | |
| LOLA ANN BEEBE, | ) | |
| CENTRAL BUYER CORPORATION, and | ) | |
| COUNTY OF JO DAVIESS, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

The United States of America and Glenn L. Arensdorf and Debbie J. Arensdorf having stipulated to the entry of judgment, it is hereby Ordered and Adjudged as follows:

1. That Glenn L. Arensdorf and Debbie J. Arensdorf shall terminate any residential occupancy, if any, of federal land known as parcel number 158 of the Upper Mississippi River Nine Foot Channel Project, more particularly described as:

    PART OF TRACT NO. FI-76            JO DAVIESS COUNTY, ILLINOIS

    Part of Tract No. FI-76, located in the County of Jo Daviess, State of Illinois, being part of SW 1/4 section 29, township 29 north, range 2 west of the 4th principal meridian, designated as Item No. 158 and shown in red on map, file No. 12-S-159.1, containing 0.7 acre, more or less,

hereinafter referred to as "Federal Land";

2. That any of Glenn L. Arensdorf and Debbie J. Arensdorf who continues to occupy the subject Federal Land is ordered ejected from said Federal Land, and officers of the United States,

including U.S. Marshals Service are permitted to remove any defendant who fails to vacate within the time ordered by this Court;

3. That any and all interests of Glenn L. Arensdorf and Debbie J. Arensdorf in any structures, equipment, motor vehicles, and personal property found on the Federal Land is extinguished;

4. That the Court authorizes the United States to take possession and title to any structures, equipment, motor vehicles, and personal property which are not removed from the subject Federal Land by the defendants, and to remove and dispose of said items without further order of this Court, notice, or administrative action;

5. Glenn L. Arensdorf and Debbie J. Arensdorf shall not be required to remove any property located on the Federal Land and shall not be required to restore the Federal Land site as required by the Lease, and Glenn L. Arensdorf and Debbie J. Arensdorf shall not be obligated to pay the United States any sum which may be expended by the United States in restoring the Federal Land.

6. Each party is to bear its own costs and fees relating to this matter.

Dated at Rockford, Illinois, this _____ day of _____, _____.

_____
HON. PHILIP G. REINHARD